Beverly ZAKRE, Plaintiff–Appellee–Cross–Appellant,

v.

**NORDDEUTSCHE LANDESBANK GIROZENTRALE, Defendant–Appellant–Cross–Appellee.**

**Nos. 07–2347–cv(L), 08–3753–cv(XAP).**

United States Court of Appeals, Second Circuit.

June 8, 2009.

---

Anne L. Clark (Karen Cacace, of counsel), Vladeck, Waldman, Elias & Engelhard, P.C., New York, NY, for Plaintiff–Appellee–Cross–Appellant.

Joel E. Cohen (Carolyn T. Schiff, Katherine D. Kale, of counsel), McDermott Will & Emery LLP, New York, NY, for Defendant–Appellant–Cross–Appellee.

Present: Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Norddeutsche Landesbank Girozentrale ("NORD/LB") appeals from an amended judgment entered July 18, 2008, awarding plaintiff back pay, compensatory damages, punitive damages, attorneys' fees, and costs after a jury trial. Plaintiff-appellee cross appeals from the judgment insofar as it reduces the jury's punitive damages award to $600,000. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

■ We review a district court's evidentiary rulings under a deferential abuse of discretion standard "and give district court judges wide latitude in determining whether evidence is admissible at trial." *Meloff v. N.Y. Life Ins. Co.*, 240 F.3d 138, 148 (2d Cir.2001) (internal quotation marks omitted). Moreover, under Rule 61, an error in admitting evidence is not grounds for granting a new trial unless the error affects a party's "substantial rights." Fed. R.Civ.P. 61. "Whether an evidentiary error implicates a substantial right depends on the likelihood that the error affected the outcome of the case.... [A]n evidentiary error in a civil case is harmless unless [the appellant demonstrates that] it is likely that in some material respect the factfinder's judgment was swayed by the error." *Tesser v. Bd. of Educ.*, 370 F.3d 314, 319 (2d Cir.2004) (second alteration in original; citations and internal quotation marks omitted). After thoroughly reviewing the trial record in this case, we conclude that none of the evidentiary rulings that NORD/LB challenges on appeal were an abuse of discretion. We also conclude that the district court did not err in permitting Zakre to present a hostile work environment claim to the jury.

■ We review a lower court's determination of the constitutionality of a punitive damages award *de novo*, *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 436, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001), deferring to the district court's findings of fact unless they are clearly erroneous, *Motorola Credit Corp. v. Uzan*, 509 F.3d 74, 81 (2d Cir.2007). A punitive damages award will not be upheld where it is so "grossly excessive" that it arbitrarily deprives the defendant of property. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416–17, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). In *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), the Supreme Court set forth three categories of factors to be considered in assessing the validity of a punitive damage

award. These factors include:. (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases. *Id.* at 574–75, 116 S.Ct. 1589.

■ The district court properly analyzed the degree of reprehensibility of NORD/LB's misconduct and the disparity between the actual harm suffered by Zakre and the punitive damages award in this case. As to the third *BMW* factor, while Title VII does not provide for civil penalties, the New York City Administrative Code provides for civil penalties of no more than $125,000 for an unlawful discriminatory practice and no more than $250,000 if the discriminatory practice was the result of a "willful, wanton or malicious act" or if discriminatory harassment or violence occurred. N.Y. City Admin. Code § 8–126(a). Therefore, the district court did not err in reducing the punitive damages award in this case to $600,000.

We have considered all of NORD/LB's arguments and find them without merit. Therefore, the judgment of the district court is AFFIRMED.