**Yurek SYRNIK, Plaintiff,**

v.

**POLONES CONSTRUCTION CORP., Defendant.**

No. 11 Civ. 7754(KBF).

United States District Court, S.D. New York.

Jan. 22, 2013.

Ariel Yigal Graff, Nicholas Dean, Robert Walter Ottinger, Jr., The Ottinger Firm, P.C., New York, NY, for Plaintiff.

Jonathan Bruce Behrins, Behrins & Behrins, P.C., Staten Island, NY, for Defendant.

*MEMORANDUM DECISION & ORDER*

KATHERINE B. FORREST, District Judge:

On July 17, 2012, after a two-day jury trial on plaintiff Yurek Syrnik's claims for unlawful discrimination under 42 U.S.C. § 1981 ("section 1981"), Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), the jury returned a verdict in favor of plaintiff in an amount of $105,981.27 in economic damages, and $500,000 in punitive damages. (*See* Judgment, ECF No. 49.)

Defendant Polones Construction Corporation subsequently moved for a new trial on the question of damages pursuant to Rule 59 of the Federal Rules of Civil Procedure. The motion was fully submitted as of September 18, 2012.

For the reasons discussed below, the motion is denied.

## LEGAL STANDARD

■ A district court may, "on motion, grant a new trial on all or some of the issues-and to any party ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a)(1)(A). A new trial is justified if the district court finds that "the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice, *i.e.*, that the verdict is against the weight of the evidence, that the damages awarded were excessive, or that for stated reasons the trial was not fair to the moving party." *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 691 (2d Cir.1983); *see also Manley v. AmBase Corp.*, 337 F.3d 237, 244–45 (2d Cir. 2003) (same). A new trial is warranted only where the district court determines that the jury's verdict is "egregious." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir.1998).

## DISCUSSION

Here, defendant contends that the jury's punitive damages award was not justified in light of the circumstances, and that to the extent such damages were awarded, the amount was so excessive as to warrant a new trial. The Court finds neither argument has merit.

## A. The Fact of the Award of Punitive Damages

■ As an initial matter, defendant may not challenge the *fact* that the jury awarded punitive damages. Defendant did not object to the jury charges provided by the Court which explicitly addressed the issue of punitive damages nor did defendant move for judgment as a matter of law pursuant to Fed.R.Civ.P. 50 on the issue at any time prior to the jury's rendering its verdict. Accordingly, defendant has waived its ability to object to the *fact* that the jury awarded punitive damages. *See Jarvis v. Ford Motor Co.,* 283 F.3d 33, 57 (2d Cir.2002) (Sotomayor, J.) ("We have previously emphasized that failure to object to a jury instruction ... prior to the jury retiring results in a waiver of that objection ..." (quotation marks and alteration omitted)).

## B. The Amount of the Punitive Damages Award

The Court, however, does consider whether the *amount* of punitive damages awarded by the jury was excessive.

■ The Court consider three "guideposts" in determining the validity of a punitive damages award: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003); *Payne v. Jones,* 696 F.3d 189, 200–01 (2d Cir. 2012).

### 1. Reprehensibility of the Defendant's Misconduct

"Perhaps the most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." *BMW of N. Am., Inc. v. Gore,* 517 U.S. 559, 575, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). In an employment discrimination case, like this one, "eligibility for punitive damages is characterized in terms of a defendant's motive or intent." *Kolstad v. Am. Dental Ass'n,* 527 U.S. 526, 538, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999). The "reprehensible conduct" is measured by the defendant's "malice or reckless[ly] indifferen[t]" "state of mind." *Id.* at 538, 546, 119 S.Ct. 2118.

■ The Court finds defendant's conduct unquestionably reprehensible-and indeed, recklessly indifferent to plaintiff's federal, state and city rights to be free from discrimination at his place of employment. *See id.* at 546, 119 S.Ct. 2118. The record before the jury was replete with evidence that plaintiff was told to conceal the fact that he was Jewish from his co-workers, endured repeated anti-Semitic comments from his co-workers, and ultimately was terminated following his revelation to a co-worker that he is in fact Jewish (following a comment by the co-worker after seeing religious Jews walking down the street expressing disappointment that Hitler "didn't kill these pieces of shit"). Further, there was no evidence of plaintiffs conduct before the jury requiring mitigation of a punitive damages award. *See Payne,* 696 F.3d at 201.

Given the severity of these circumstances, the Court finds that defendant acted with sufficient "malice" or "reckless indifference" to plaintiff to find defendant's conduct reprehensible.

### 2. Disparity Between Harm and Punitive Damages Award

With respect to the second "guidepost," the Court considers "whether there is a

reasonable relationship between the punitive damages award and *the harm likely to result* from the defendant's conduct as well as the harm that actually has occurred." *Gore,* 517 U.S. at 581, 116 S.Ct. 1589. Although the Supreme Court has repeatedly declined to "impose a bright-line ratio which a punitive damages award cannot exceed," *Campbell,* 538 U.S. at 425, 123 S.Ct. 1513, courts consider whether the ratio of compensatory damages to punitive dates "is reasonable in the circumstances of the case," *Payne,* 696 F.3d at 201. The Court is guided by the Supreme Court's guidance that "few awards exceeding a single digit ratio between punitive and compensatory damages ... will satisfy due process." *Campbell,* 538 U.S. at 425, 123 S.Ct. 1513.

Contrary to defendant's contention, the operative ratio here cannot be measured as compensatory-to-punitive damages. It is well-established that "purely economic injury" can likewise "form the basis of a substantial punitive damage award." *Motorola Credit Corp. v. Uzan,* 509 F.3d 74, 87 (2d Cir.2007); *see also Gore,* 517 U.S. at 576, 116 S.Ct. 1589 ("[I]nfliction of economic injury, especially when done intentionally through affirmative acts of misconduct ... can warrant a substantial penalty."). Accordingly, the punitive damages award must be compared to the $105,981.27 economic damages award. That comparison renders a less-than 5:1 ratio, well within the "single digit ratio" suggested by the Supreme Court.

In addition, the jury's economic damages award was based upon 1.8 years of backpay in an amount of $81,000 and front pay for 6 months of work (approximately $25,-000)—an amount of time significantly less than the five years of front pay requested by plaintiffs counsel during summation. Given the reasonableness of the jury's economic damages award, the punitive award

five times greater does not strike the Court as "excessive." *See Payne,* 696 F.3d at 202–03.

### 3. *Comparable Punitive Damages Awards*

With respect to the third "guidepost," the Court compares the punitive damages award here with civil or criminal penalties for comparable conduct. *See Campbell,* 538 U.S. at 428, 123 S.Ct. 1513. The punitive damages award cannot be compared in absolute terms to awards given in similar cases—because no two factors is alike—but must be compared by reference to the *Gore* factors. *See Zakre v. Norddeutsche Landesbank Girozentrale,* 541 F.Supp.2d 555, 566 (S.D.N.Y.2008).

Title VII imposes a $300,000 cap on punitive damages. 42 U.S.C. § 1981a(b)(3). In addition, Title VII only allows for an award of punitive damages "if the complaining party demonstrates that the respondent engaged in a discriminatory practice ... with malice or reckless indifference." 42 U.S.C. § 1981a(b)(1). The NYSHRL does not provide for punitive damages, but the NYCHRL permits punitive damages, without limitation on the maximum amount. N.Y. Exec. Law § 297(9); N.Y. City Admin. Code § 8–502(a). Although "most 'comparable cases' (that is, New York State and Title VII discrimination claims) have allowed punitive damages of only $300,000 or less," *Zakre,* 541 F.Supp.2d at 565 (quotation marks omitted), the Second Circuit recently upheld a punitive damages award of $600,000 in an action brought under Title VII, the NYSHRL, and the NYCHRL, the Title VII cap notwithstanding, *see Zakre v. Norddeutsche Landesbank Girozentrale,* 344 Fed.Appx. 628, 631 (2d Cir.2009).

Given the *Gore* factors as applicable to this action, the "uniquely broad and remedial purposes" of the NYCHRL, N.Y.C. Admin.Code § 8–130, and punitive dam-

ages awards upheld in comparable cases, the Court finds the jury's $500,000 damages award to be reasonable under the circumstances.

## CONCLUSION

For the aforementioned reasons, defendant's motion for a new trial is DENIED.

The Clerk of the Court is directed to terminate the motion at ECF No. 58.

SO ORDERED.